# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LINDA M. WICKE,

                    Plaintiff,

-vs-                                                    Case No.  6:11-cv-395-Orl-31KRS

SCHOOL BOARD OF BREVARD
COUNTY,

                    Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| MOTION: | SECOND JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 19) |
|---|---|
| FILED: | September 6, 2011 |

Plaintiff Linda M. Wicke filed a complaint against Defendant School Board of Brevard

County (School Board) alleging that the School Board failed to pay her overtime compensation

required under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*  Doc. No. 2.  In answers to

the Court's interrogatories, Wicke averred that she was owed $13,010.63 in overtime

compensation and an equal amount in liquidated damages.  Doc. No. 13 ¶ 7.

The parties have entered into a settlement agreement, and they now move for a fairness finding as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). They filed the following in support of the motion:

- a fully executed Release, Indemnification and Hold Harmless Agreement, Doc. No. 19-1;

- an Affidavit of Counsel for Plaintiff Regarding Attorney's Fees and Costs with attached time sheet, Doc. No. 19-2.

Under the settlement, Wicke will receive $11,101.08, which is less than the amount she averred that she was owed under the FLSA. Doc. No. 19-1 at 4. The parties represent that there were no payroll records showing the amount of time Wicke worked. The School Board disagrees with Wicke's estimate of the amount of overtime she worked. It contends it did not have actual or constructive knowledge of Wicke working overtime and, therefore, that its conduct was not willful and does not merit a three-year statute of limitations. Due to these factual and legal disputes, Wicke agreed to compromise her claim to resolve the dispute. The reason for the compromise is adequately explained.

"Judicial scrutiny of FLSA settlements encompasses not only the amounts paid to employees to resolve their FLSA claims, but also the amount of plaintiffs' attorney's fees paid pursuant to those settlements. . . . [N]umerous courts have refused to approve or award proposed FLSA attorney's fee amounts that are unreasonable. In scrutinizing the reasonableness of an FLSA attorney's fee award, courts have utilized the time-honored lodestar method." *Longcrier v. HL-A Co.,* Civil Action 08-0011-WS-C, 2009 WL 971297, at * 1 (M.D. Ala. April 8, 2009) (citing *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. Jan. 13, 2009)).

Counsel for Plaintiff provided an affidavit in which she averred that she has been practicing law for sixteen years.  Her time sheet reflects that she reasonably worked 21.66 hours on Plaintiff's FLSA claim.[1]  Under the settlement agreement, counsel for Plaintiff will receive $5,833.33, which equates to an hourly rate of approximately $270.00 per hour.[2]  This hourly rate is within the range of reasonable hourly rates approved by this Court in FLSA cases in the absence of objection.  *See, Baker v. Fidelity Mortg. Direct Corp.*, No. 8:10-cv-2596-T-24, 2011 WL 1560665, at * 4 (M.D. Fla. April 25, 2011).  Therefore, I recommend that the Court find that the attorney's fees to be paid under the settlement are reasonable and did not taint the amount that Wicke agreed to accept in settlement of her FLSA claim.

Accordingly, I recommend that the Court find that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

The Court need not approve the Release, Indemnification and Hold Harmless Agreement or reserve jurisdiction to enforce it.  I note that the document contains a confidentiality provision that is, at least in part, unenforceable due to the public filing of the document.  *See* Doc. No. 19-1 at 3.

---

[1]  Plaintiff's counsel also assisted Wicke with other matters that were not included in the complaint filed in this case.  These matters are not resolved by the settlement agreement.  *See* Doc. No. 19-1 at 2 n.1.

[2]  Wicke agreed to pay her attorney a contingent fee.  Contingent fees are generally not approved in FLSA cases if the amount of the contingent fee is in excess of the reasonable fee determined under the lodestar method.

**RECOMMENDATION.**

For the reasons stated in the foregoing report, I respectfully recommend that the Court do the following:

1.   **FIND** that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA;

2.   **GRANT in part** the Second Joint Motion for Approval of the Settlement, Doc. No. 19;

3.   **DIRECT** Plaintiff's counsel to provide Plaintiff with a copy of the Court's Order;

4.   **DECLINE** to approve the settlement as a whole or to reserve jurisdiction to enforce it; and,

5.   **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 12, 2011.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy